[716 NYS2d 924]

In the Matter of JOHN D. CLARK, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 29, 2000

**APPEARANCES OF COUNSEL**

*Roderick Quebral,* Buffalo, for Eighth Judicial District Grievance Committee.

*John D. Clark,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court

on June 25, 1987, and maintained an office for the practice of law in East Aurora until he relocated to the State of West Virginia in 1998. The Grievance Committee filed a petition charging respondent with acts of professional misconduct. Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. Prior to the hearing, outstanding issues of fact raised by the first seven charges in the petition were resolved by stipulation. The hearing was conducted with respect to charge eight, which alleged that respondent failed to cooperate with the Grievance Committee's investigation and made misrepresentations to the Grievance Committee during the investigation.

At the conclusion of the hearing, the Referee set a deadline for submission of memoranda and proposed findings by the parties. Respondent failed to submit a memorandum and proposed findings. The Referee filed a report that the Grievance Committee moves to confirm. Respondent failed to respond to the motion or to appear on the return date, after his request for an adjournment was denied by this Court.

The Referee found that respondent made misrepresentations to clients and to the Grievance Committee; that he neglected legal matters entrusted to him; that he failed to refund unearned fees or return legal files to clients in a prompt manner; and that he failed to cooperate with the Grievance Committee's investigation.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—withdrawing from employment without refunding promptly a fee paid in advance that has not been earned;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him; and

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to deliver promptly to a client or third person as requested by the

client or third person properties in his possession that the client or third person is entitled to receive.

Additionally, we conclude that, by failing to provide a prospective client with a statement of client's rights and responsibilities at the initial conference and failing to include in a written retainer agreement all required information, respondent violated 22 NYCRR part 1400, Procedure for Attorneys in Domestic Relations Matters (*see,* 22 NYCRR 1400.2, 1400.3).

We have considered the matters in mitigation presented by respondent at the hearing. Respondent's repeated failures to comply with deadlines, respond in a timely manner to requests for information and appear as directed, however, must be considered as aggravating factors.

After consideration of all of the circumstances, we conclude that respondent should be suspended for two years and until further order of the Court. Respondent is directed to make restitution in the amounts found by the Referee.

PINE, J. P., HAYES, WISNER, BALIO and LAWTON, JJ., concur.

Order of suspension entered.